UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEANDRE MARTEZ GRAHAM,

    Defendant.
_____/

Case No. 2:23-cr-20588

Honorable Susan K. DeClercq
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE MEDICAL RECORDS (ECF No. 58), AND DEFERRING RULING ON HEARSAY OBJECTION UNTIL TRIAL**

Deandre Graham is charged with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). The charge stems from a shooting in which Graham was allegedly involved. The Government says that on May 25, 2023, Graham opened fire on Eric Mitchell-Rodgers and his girlfriend, R.M., after an argument over childcare. R.M. was hit multiple times and seriously injured. As a result, R.M. was taken to the hospital and treated by emergency-department staff.

Now, to support its case at trial, the Government seeks to introduce two paragraphs from R.M.'s medical records from that hospital visit. ECF No. 65 (sealed); ECF No. 62. Graham opposes the Government's attempt to do so. He therefore filed a motion *in limine* requesting that this Court (1) exclude from trial "all medical records, testimony, or references concerning the injuries of RM," and

(2) "prohibit the Government and its witnesses from referencing the fact or extent of [R.M.'s] injuries." ECF No. 58 at PageID.306.

As explained below, Graham's first two objections—that the evidence is either irrelevant under Federal Rules of Evidence 401 and 402, or substantially more prejudicial than probative under Rule 403—will be overruled, and so his motion will be denied. However, Graham's third objection, to hearsay—which was not briefed, but raised for the first time at the June 10, 2025, motion hearing—has not been adequately addressed by either party. Accordingly, this Court defers ruling on the hearsay objection until trial.

## I. BACKGROUND

### A. May 2023 Shooting

Around 8:00 a.m. on May 25, 2023, Graham and Mitchell-Rodgers—who both have children with the same woman, Janasia Payne—were allegedly arguing over childcare issues at Payne's house on Morang Drive in Detroit. ECF No. 56 at PageID.283. Mitchell-Rodgers then left to take one of his children to school, but he and Graham continued to argue over the phone. *Id.* About an hour later, Mitchell-Rodgers returned to the Morang Drive house. *Id.* His then-girlfriend, R.M., was seated alongside him in the front passenger seat of his Jeep Cherokee. *Id.* As they pulled up to the curb, Graham allegedly stepped from the house's front porch toward the sidewalk, pulled a gun, and started shooting at the Jeep. *Id.* The bullets struck

the Jeep's passenger-side doors, mirror, and frame, and hit R.M. multiple times on her right side (i.e., the side of her body closest to the curb). *Id.* From the Jeep's driver's seat, Mitchell-Rodgers shot back at Graham through the open passenger-side window. *Id.* Mitchell-Rodgers then drove R.M. to the hospital. Police responded minutes later, but Graham was not there. *Id.* Police found three fired 9 mm shell casings on the sidewalk. *Id.*

In connection with this shooting, on October 17, 2023, Graham was indicted with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. An arrest warrant was issued the same day. ECF No. 2. On May 9, 2024, Graham was released on bond pending trial.

### B. R.M.'s Medical Records

R.M. was treated for her gunshot wounds at a hospital's emergency department. The Government seeks to introduce two paragraphs from the medical records from that hospital visit. ECF Nos. 62; 65 (sealed). The first paragraph describes the location and extent of R.M.'s injuries, including where the gunshot wounds appeared on her body and whether she maintained a full range of motion for certain limbs. ECF No. 65 at PageID.353.

The second paragraph is titled "History of Present Illness." *Id.* at PageID.354. It first touches on how R.M. came to be shot, describing the events of the shooting and identifying the shooter as "the baby mama's boyfriend," whom R.M. is expected

- 3 -

to testify was Graham. *Id.*; ECF No. 62 at PageID.321. The paragraph also touches on R.M.'s present physical and mental condition at the emergency room, detailing what pain she was and was not feeling, and also that she was scared. ECF No. 65 at PageID.354.

## II. STANDARD OF REVIEW

"A 'motion *in limine*' is any motion 'to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *Good v. BioLife Plasma Servs., L.P.*, 605 F. Supp. 3d 947, 955 (E.D. Mich. 2022), *reconsideration denied*, 647 F. Supp. 3d 555 (E.D. Mich. 2022) (quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013)). Motions *in limine* are designed "to narrow the issues remaining" and "minimize disruptions," *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999), and to help ensure "evenhanded and expeditious management of trials," *United States v. Phillips*, 146 F. Supp. 3d 837, 841 (E.D. Mich. 2015), *aff'd in part*, 677 F. App'x 294 (6th Cir. 2017) (citations omitted). Indeed, "the Supreme Court has authorized district courts to rule on motions *in limine* 'pursuant to the district court's inherent authority to manage the course of trials.'" *Id.* (citing *Luce v. United States*, 469 U.S. 38, 41 n.4).

A district court should grant a motion *in limine* to exclude evidence "only when [that] evidence is clearly inadmissible on all potential grounds." *Id.* (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). "In

cases where that high standard is not met, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id.* (cleaned up) (quoting *Ind. Ins. Co.*, 326 F. Supp. 2d at 846); *see also Good*, 605 F. Supp. 3d at 955; *Figgins v. Advance Am. Cash Advance Ctrs. of Mich., Inc.*, 482 F. Supp. 2d 861, 865 (E.D. Mich. 2007) ("It may be desirable in many cases to defer ruling . . . until trial.").

Even when a court denies a motion *in limine*, that "does not necessarily mean that the court will admit the evidence at trial." *Phillips*, 146 F. Supp. 3d at 841. Rather, "[d]enial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

### III. DISCUSSION

Graham objects to admitting these two paragraphs from R.M.'s medical records on three grounds. First, he argues that this evidence is irrelevant and should be excluded under Federal Rules of Evidence 401 and 402. ECF No. 58 at PageID.304. Second, he argues that these paragraphs are substantially more prejudicial than probative under Rule 403. *Id.* at PageID.304–05. Third, he argues

that portions of these paragraphs are inadmissible hearsay.[1] Each argument will be addressed in turn.

### A. Relevance

Under Federal Rule of Evidence 402, only relevant evidence is admissible. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED R. EVID. 401. As the Sixth Circuit has recognized, Rule 401 sets quite a "low bar" for relevance. *United States v. Lang*, 717 F. App'x 523, 539 (6th Cir. 2017).

Graham argues that the medical records are irrelevant because R.M.'s injuries do not "prove or disprove" the only issue in dispute—whether Graham possessed ammunition. ECF No. 58 at PageID.304.

Graham, however, is incorrect. These records are relevant because they help establish that R.M. was shot on the right side of her body—that is, the side of her body closest to the curb, and closest to where the shooter was allegedly standing. In this way, the site of R.M.'s gunshot wounds is relevant to establishing the shooter's location at the time the shots were fired. The location of the shooter is relevant because Graham is charged with possessing the shell casings found on the sidewalk.

---

[1] This argument did not feature in Graham's motion. *See generally* ECF No. 58. Rather, Graham objected on hearsay grounds for the first time at the June 10, 2025, hearing on the pending motions *in limine*.

Thus, where the shooter was standing is relevant to establishing whether the shooter could have possessed those shell casings.

Indeed, R.M. is expected to testify that she was sitting in the passenger seat of the car when the car parked alongside the curb. She is expected to testify that Graham walked towards the car, pulled out a gun, and shot towards the car while he was still standing outside of it. As the front-seat passenger, the right side of R.M.'s body was facing Graham when he fired the shots. The shell casings were found on the sidewalk approximately 15–20 feet to the right from where the car pulled alongside the curb. Thus, evidence that R.M. suffered gunshot wounds to the right side of her body corroborates her testimony that she was shot by someone standing outside of the car in the area where the shell casings were found.

Accordingly, Graham's motion will be denied on this ground.

### B. Unfair Prejudice

Graham also argues that the medical records are substantially more prejudicial than probative under Federal Rule of Evidence 403. Rule 403 permits courts to exclude relevant evidence if the risk of unfair prejudice substantially outweighs the evidence's probative value.

Specifically, Graham argues that introducing R.M.'s medical records—especially "graphic or detailed descriptions" of her injuries—will "inflame the jury,

leading them to wrongly infer that Mr. Graham committed a violent offense despite the fact that he has not been charged as such." ECF No. 58 at PageID.305.

However, the descriptions of the gunshot wounds are not so egregious or inflammatory so as to warrant exclusion under Rule 403. Rather, the descriptions objectively describe the victim's injuries in a manner that is pertinent to her medical treatment. As for the argument that a jury could use the records to brand Graham as violent, a limiting instruction about the purpose and scope for which the jury may consider the records would suffice to cure any unfair prejudice.

Accordingly, Graham's motion will also be denied on this ground.

### C. Hearsay

At the June 10, 2025, motion hearing, Graham objected to the second paragraph in the medical records on an additional ground—hearsay. Hearsay is an out-of-court statement being offered for the truth of the matter asserted in that statement. FED. R. EVID. 801(c).

Specifically, Graham objected to a statement by R.M. effectively identifying Graham as the shooter: "The boyfriend of that baby mama and [R.M.'s] boyfriend got into a disagreement when the baby mama's boyfriend took his gun and started shooting at the car." ECF No. 65 at PageID.354 (sealed). R.M. is expected to testify that the "boyfriend of that baby mama" is Graham. ECF No. 62 at PageID.321.

However, as the Government noted, such a statement is not hearsay under Rule 801(d)(1)(C) because the statement is a prior identification. In other words, the declarant, R.M., will testify at trial and be subject to cross examination, and her statement identifies a person (i.e., Graham) she perceived earlier. In this way, for this statement, Rule 801(d)(1)(C) takes care of one level of hearsay.

But the analysis cannot end there as other statements in the second paragraph—besides the one statement that identifies Graham—could still be hearsay. Another reason that the analysis must continue is that, on this Court's read, the second paragraph presents another layer of potential hearsay: it reflects what the hospital staff said about what R.M. said. However, neither party has yet to address the other layer of potential hearsay—the medical record itself—and whether it is either excluded or exempted from the rule against hearsay. *See* FED. R. EVID. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule."). Nor has either party explained why such an analysis would be unnecessary.

Because further argument may influence how this objection is resolved, and because foundation laid at trial may bear on the question of admissibility, this Court defers its ruling on Graham's hearsay objection until trial, where the parties are free to re-raise the issue.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's motion *in limine* to exclude medical records, ECF No. 58, is **DENIED**. Further, this Court defers its ruling on Defendant's hearsay objection until trial.

                                                       */s/Susan K. DeClercq*
                                                      SUSAN K. DeCLERCQ
                                                      United States District Judge

Dated: June 18, 2025