UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                    Case No. 2:23-cr-20588

v.                                        Honorable Susan K. DeClercq
                                              United States District Judge
DEANDRE MARTEZ GRAHAM,

        Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE PHOTOGRAPHS (ECF No. 59)

Deandre Graham is charged with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). The charge stems from a shooting in which Graham was allegedly involved. The Government says that on May 25, 2023, Graham opened fire on Eric Mitchell-Rodgers and Mitchell-Rodgers's girlfriend, R.M., who were inside a black Jeep Cherokee. The bullets allegedly struck the Jeep's passenger-side doors, mirror, and frame, injuring R.M.

More than four months later, an agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) took photos of the shot-up Jeep. ECF No. 59 at PageID.308–09. The Government seeks to admit these photos into evidence as proposed exhibits 6A–P, ECF No. 63, but Graham requests that they be excluded,

ECF No. 59. Specifically, Graham objects to the photographs' (1) authenticity, (2) relevance, and (3) to unfair prejudice. *Id.*

First, Graham argues that the photographs do not accurately or reliably depict the Jeep as it was on the date of the incident. *Id.* at PageID.309. He notes that the photos were taken over four months later, and that the Government has offered no credible evidence or witness to authenticate the photos. *Id.*

"Like other evidence, photographs must be authenticated prior to being admitted into evidence." *Hartley v. St. Paul Fire & Marine Ins. Co.*, 118 F. App'x 914, 921 (6th Cir. 2004). "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." FED. R. EVID. 901. The testimony of a witness with knowledge can satisfy the requirement. FED. R. EVID. 901(b)(1). As to a photograph, the test is "whether the proffered photograph is an accurate representation of the scene depicted." *United States v. Hobbs*, 403 F.2d 977, 978–79 (6th Cir. 1968). "A photograph adequately identified as correctly portraying conditions as they existed at the time of the event under consideration is admissible even though taken at some distance in time from the occurrence of the event." *Jenkins v. Associated Transp., Inc.*, 330 F.2d 706, 710 (6th Cir. 1964)). "Inaccuracies or unreliability can be exposed by cross-examination." *Id.* In this way, all that is required is enough proof "that a reasonable juror could find in favor of authenticity."

*United States v. Jones*, 107 F.3d 1147, 1150 n.1 (6th Cir. 1997) (quoting 5 JACK B. WEINSTEIN ET AL., WEINSTEIN'S EVIDENCE, at 901–19 (1996)).

At this juncture, Graham's motion to exclude evidence is premature because issues relating to authenticity are best left for trial. *See, e.g.*, *United States v. Thrush*, No. 1:20-CR-20365, 2024 WL 3623504, at *6 (E.D. Mich. July 31, 2024). Indeed, the Government says that it will authenticate the photos through the victim, R.M., "who will testify that the photographs fairly and accurately represent the condition of the Jeep . . . after the shooting on May 25, 2023." ECF No. 63 at PageID.328. Because Graham's objection must be considered in light of the foundation that the Government lays at trial, his motion will be denied without prejudice. Graham may re-raise the issue at trial if he so chooses. At that point, after issues of authenticity have been settled, this Court will also entertain Graham's objections as to relevance and unfair prejudice.

Accordingly, it is **ORDERED** that Defendant's Motion *in Limine* to Exclude Photographs, ECF No. 59, is **DENIED WITHOUT PREJUDICE**.

                                          */s/Susan K. DeClercq*
                                          SUSAN K. DeCLERCQ
                                          United States District Judge

Dated: June 23, 2025